NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROSIBEL PEREIRA, | : |
|     Plaintiff, | : Civil Action No. 12-6057 |
| | : OPINION |
| v. | : December 12, 2014 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : |
|     Defendant. | : |

ARLEO, UNITED STATES DISTRICT JUDGE

I.  INTRODUCTION

Before this Court is Plaintiff Rosibel Pereira's ("Plaintiff") request for review, pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g), of Administrative Law Judge Michal L. Lissek's (the "ALJ") unfavorable decision with respect to Plaintiff's application for Disability Benefits.[1]

In short, Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) did not properly consider all of Plaintiff's medical history; (2) did not consider Plaintiff's medications when determining her disability status or residual function capacity ("RFC"); and (3) relied upon an improper hypothetical question to the vocational expert when determining whether Plaintiff could engage in alternative employment. For the reasons set

---

[1] The ALJ's decision is imputed to the Commissioner of Social Security, who is the defendant in any appeal to the District Court. Therefore, the Court shall refer to the ALJ's February 17, 2011, decision as that of the Commissioner.

forth in this Opinion, the Court finds that the Commissioner's decision is beyond meaningful judicial review and, therefore, must be **VACATED AND REMANDED.**

## II. APPLICABLE LAW

### a. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if there exists substantial evidence to support the decision. 42 U.S.C. § 405(g); Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence, in turn, "means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). Stated differently, substantial evidence consists of "more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review: it prohibits the reviewing court from "weigh[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, even if this Court would have decided the matter differently, it is bound by the Commissioner's findings of fact so long as they are supported by substantial evidence. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (quoting Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001)).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses of expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; and (4) the

claimant's educational background, work history, and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973).

### b. Five-Step Sequential Analysis

In order to determine whether a claimant is disabled, the Commissioner must apply a five-step test. 20 C.F.R. § 404.1520(a)(4). First, it must be determined whether the claimant is currently engaging in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as work activity, both physical and mental, that is typically performed for either profit or pay. 20 C.F.R. § 404.1572. If it is found that the claimant is engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones, 364 F.3d at 503. If it is determined that the claimant is not engaged in substantial gainful activity, the analysis moves on to the second step: whether the claimed impairment or combination of impairments is "severe." 20 C.F.R. § 404.1520(a)(4)(ii). The regulations provide that an impairment or combination of impairments is severe only when it places a significant limit on the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. Id.; Ortega v. Comm'r of Soc. Sec., 232 F. App'x 194, 196 (3d Cir. 2007).

At the third step, the Commissioner must determine whether there is sufficient evidence showing that the claimant suffers from a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). If so, a disability is conclusively established and the claimant is entitled to benefits. Jones, 364 F.3d at 503. If not, the Commissioner, at step four, must ask whether the claimant has a "residual functional capacity" such that he is capable of performing past relevant work; if that question is answered in the affirmative, the claim for benefits must be denied. Id. Finally, if the claimant is unable to engage in past relevant work, the Commissioner must ask, at step five, "whether work

3

exists in significant numbers in the national economy" that the claimant is capable of performing in light of "his medical impairments, age, education, past work experience, and 'residual functional capacity.'" 20 C.F.R. §§ 404.1520(a)(4)(iii)-(v); Jones, 364 F.3d at 503. The claimant bears the burden of establishing steps one through four, while the burden of proof shifts to the Commissioner at step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

### III. ANALYSIS

Plaintiff first applied for disability insurance on May 29, 2007, alleging disability as of May 11, 2007. (Dkt. No. 13, Tr. 16).[2] That application was subsequently denied both initially and upon reconsideration, and Plaintiff ultimately sought her first hearing before ALJ Curtis Axelsen, which occurred on November 18, 2009. (Tr. 38-66). Following that hearing, the ALJ issued a decision on January 13, 2010, finding that Plaintiff did not have a disability. (Tr. 108-21).

The Appeals Council granted Plaintiff's request for review, vacated ALJ Axelsen's decision, and remanded for further proceedings. (Tr. 123-25).

A second hearing was held before ALJ Michal L. Lissek (the "ALJ") on February 3, 2011. (Tr. 67-105). On February 17, 2011, the ALJ issued his opinion.

As to the first step of the five-step analysis, the ALJ found that Plaintiff was not engaged in substantial gainful activity. Next, the ALJ found that Plaintiff has the following severe impairments: (1) systemic lupus erythematosus; (2) status-post amputation of left third and fourth digits; (3) back pain; (4) asthma;[3] and (5) effective mood disorder. While recognizing the Plaintiff

---

[2] The Court will cite to the page numbers located at the bottom right of each page of the administrative record.

[3] While the ALJ listed Plaintiff's asthma as a severe condition, he later stated that this condition was not severe as it was controlled by medication.

4

had alleged fibromyalgia, vision problems, hypertension, and headaches, the ALJ concluded these impairments were not severe. (Id.).

Turning to step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a Listed Impairment. (Tr. 19). The ALJ made detailed findings as to how Plaintiff's impairments did not meet the criteria of Listings 1.05 (amputation), 14.02 (systemic lupus erythematosus), 12.04 (affective disorders), and 12.06 (anxiety-related disorders).

The ALJ next determined Plaintiff's residual functional capacity ("RFC") to be for performing sedentary work as defined by 20 C.F.R. § 404.1567(a), with certain additional restrictions: (1) Plaintiff could not crawl, climb ladders, or climb scaffolds; (2) Plaintiff cannot work around extremes in temperature, high humidity, excessive amounts of dust or known pulmonary irritants; and (3) Plaintiff must be limited to work that can be learned in 12 months or less and involves only two-step instructions. (Tr. 20).

Because Plaintiff was unable to perform any past relevant work, the ALJ then addressed whether Plaintiff could perform any other work based upon Plaintiff's RFC, age, education, and work experience. The ALJ, relying upon the testimony of vocational expert Rocco James Meola (the "VE"), concluded Plaintiff could perform the requirements of several representative occupations: (1) hand mounter; (2) prep worker; (3) weight tester; and (4) carding machine operator. (Tr. 23). The ALJ also adopted the VE's finding that an aggregate of 1,000 such jobs existed in the Northern New Jersey and Metro New York economy and 30,000 such jobs existed in the national economy. (Id.).

Based upon the foregoing, the ALJ concluded Plaintiff was not disabled. (Id.).

An ALJ must consider all pertinent evidence. Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000). In assessing whether the claimant is disabled, the ALJ must give consideration to the claimant's subjective complaints of pain. 10 C.F.R. §§ 404.1529, 416.929; Dorf v. Bowen, 794 F.2d 896, 901 (3d Cir. 1986). Subjective complaints alone, however, will not establish that a claimant is disabled. Dorf, 794 F.2d at 901. Although "assertions of pain must be given serious consideration," Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981), Plaintiff still "bears the burden of demonstrating that her subjective complaints were substantiated by medical evidence." Alexander v. Shalala, 927 F. Supp. 785, 795 (D.N.J. 1995), aff'd, 85 F.3d 611 (3d Cir. 1996). Nonetheless, "[w]here a claimant's testimony as to pain is reasonably supported by medical evidence, the ALJ may not discount claimant's pain without contrary medical evidence." Chrupcala v. Heckler, 829 F.2d 1269, 1276 n.10 (3d Cir. 1997).

The ALJ also must consider the claimant's treating physician's opinions. Adorno v. Shalala, 40 F.3d 43, 47 (3d Cir. 1994). Treating physicians' reports must be given "great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Plummer, 186 F.3d at 429 (quotation omitted). If the "opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Id. (quotation omitted).

While the ALJ must not discuss every piece of evidence included in the record, he must explain his reasons for discounting contradictory evidence. Burnett v. Comm'r of Soc. Sec., 220 at 122. If the ALJ fails to provide such an explanation, the Court is unable to conduct a meaningful review and must reverse and remand the matter. Id.

Here, the Court concludes that this matter must be vacated and remanded because the ALJ failed to mention or refute contrary medical evidence before him.

At both steps 2 and 4, the ALJ dismissed Plaintiff's fibromyalgia as not severe. The only evidence the ALJ discussed was the expert testimony of Dr. Martin Fechner, a non-treating physician who testified as a medical expert at the hearing. (Tr. 89). The ALJ found that Dr. Fechner reviewed the entire medical record, concluded that Dr. Fechner's opinions were not inconsistent with the other substantial evidence, and gave his opinions "great weight." (Tr. 21-22). In his opinion, the ALJ stated that Dr. Fechner "opined that the claimant's fibromyalgia . . . [was] not severe. He added that there is no evidence of weight loss or fever as a result of the fibromyalgia . . . ." (Tr. 21). First, the ALJ erred because Dr. Fechner offered no such testimony. Instead, the record demonstrate that: (1) Dr. Fechner stated there was <u>no</u> evidence of fibromyalgia, not that Plaintiff has a non-severe case of fibromyalgia; and (2) Dr. Fechner's statement about weight loss and fever did not relate to Plaintiff's fibromyalgia; instead Dr. Fechner only discussed fever and weight loss when analyzing Plaintiff's lupus diagnosis. (Tr. 90-91). See <u>Goss v. Astrue</u>, 2014 WL 888497, at *10 (M.D. Pa. Mar. 06, 2014); <u>McMullen v. Astrue</u>, 2008 WL 2844496, at *13 (W.D. Pa. July 22, 2008). Second, if the ALJ wished to accept Dr. Fechner's conclusions about Plaintiff's fibromyalgia, the ALJ was obligated to address contrary evidence, such as Plaintiff's significant medical history of treatment for fibromyalgia, including prescriptions for Flexeril and Lyrica. (*E.g.*, Tr. 526, 528, 530, 535, 539).

Additionally, when determining Plaintiff's RFC, the ALJ found that, while Plaintiff's conditions could cause her alleged symptoms, the Plaintiff's statements as to the intensity, persistence, and limited effects of these symptoms was not credible. (Tr. 21). As noted above,

Plaintiff has a medical history of fibromyalgia. As multiple courts within this Circuit have recognized:

> Fibromyalgia is a condition in which symptoms include pain, fatigue, disturbed sleep, stiffness, and multiple tender spots on the body. Its causes are unknown and it is currently incurable. Its symptoms are entirely subjective, and there are no laboratory tests which can gauge the level of severity of the condition.

Combs v. Astrue, 2011 WL 6965465, at *1 n.1.

To the extent the ALJ discredited Plaintiff's subjective allegations based upon Dr. Fechner's statement that there are no objective medical tests demonstrating Plaintiff's fibromyalgia, the Court concludes the ALJ committed reversible error. Perl v. Barnhart, 2005 WL 579879, at * 5 (E.D. Pa. Mar. 10, 2005) ("This presumption of deference to the testimony of a claimant and the reports of his treating doctors, barring contrary evidence, is particularly significant when the alleged disability concerns a diagnosis of fibromyalgia."); Alvarado v. Chater, 1997 WL 43008, at *3 (E.D. Pa. Jan. 24, 1997) ("As we know, fibromyalgia cannot be verified on an objective basis and to find the claimant not credible for that shortcoming, on the part of her treating physician, is not fair or proper.").

In reversing and remanding, the Court is not directing the ALJ to accept, without question, Plaintiff's subjective allegations or her treating physician's opinions. Instead, the Court finds only that the ALJ has failed to explain his reasons for discounting this contradictory evidence. While adjudicating a claim of fibromyalgia presents unique challenges, to conduct a meaningful review, the Court must be presented with a developed record.

Next, the Court notes that Plaintiff argues that the ALJ failed to consider the effects of Plaintiff's medications and Plaintiff's claimed fatigue when determining her RFC. "Drowsiness often accompanies the taking of medication, and it should not be viewed as disabling unless the

record references serious functional limitations." Burns, 312 F.3d at 130. However, if an ALJ rejects a claimant's testimony about side effects, the ALJ must provide a basis for his decision in his opinion. Id.

Again, the ALJ failed to provide sufficient explanation for the Court to conduct a meaningful review. There is no dispute that drowsiness/fatigue are both potential side effects of Plaintiff's medications and are also a symptom of both lupus and fibromyalgia. Additionally, there the Commissioner concedes that there are numerous documentations of Plaintiff's subjective complaints of drowsiness/fatigue. Here, the ALJ appears to have adopted Dr. Fechner's belief that Plaintiff did not experience these symptoms. The ALJ failed, however, to explain why he was adopting Dr. Fechner's conclusion notwithstanding Plaintiff's testimony (Tr. 86), the multiple notations of fatigue/drowsiness in Plaintiff's medical records (Tr. 539, 540, 546, 1003, 1157), Dr. Glushakow's conclusion that Plaintiff's medications "are quite potent and may cause drowsiness," (Tr. 502) and Dr. Fechner's own statements that "anyone" can become fatigued from these medications. (Tr. 97).

Finally, the Court notes that the VE testified that Plaintiff could only perform the requirements of a small number of representative occupations. The hypothetical question posed to the VE did not assume that the individual suffered from fatigue/drowsiness. (Tr. 102). When asked if an individual could perform those representative occupations if suffering from drowsiness/fatigue, the VE responded that such an individual could not. (Tr. 104). Therefore, if the ALJ ultimately finds that Plaintiff's claims of fatigue/drowsiness are supported by the record, the Court's step five conclusions must also be revised.

## IV. CONCLUSION

Because the Court finds that the Commissioner's decision is beyond meaningful judicial review, the Commissioner's decision is **VACATED AND REMANDED**. An appropriate order will follow.

/s Madeline Cox Arleo
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**